09-3322-ag
You v. Holder

BIA
Sichel, IJ
A095 687 416

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:
REENA RAGGI,
PETER W. HALL,
GERARD E. LYNCH,
        *Circuit Judges.*

_____

Ting You,
        *Petitioner,*

        v.                                         09-3322-ag
                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gang Zhou, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Richard M.
                       Evans , Assistant Director; Andrew
                       Oliveira, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ting You, a native and citizen of China, seeks review of a July 14, 2009 order of the BIA, affirming the November 2, 2007 decision of Immigration Judge ("IJ") Helen Sichel, which denied You's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and his motion to remand. *In re Tin You*, No. A095 687 416 (B.I.A. July 14, 2009), *aff'g* No. A095 687 416 (Immig. Ct. N.Y. City Nov. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513-14 (2d Cir. 2009).

I.  **Asylum, Withholding of Removal, and CAT Relief**

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on an

2

inconsistency between (1) You's testimony, in which he stated that he was by himself when he distributed Falun Gong flyers, and (2) his father's letter, which indicated that he and his son had distributed the flyers together. This inconsistency is material because it pertains to the single event for which You claims he was persecuted. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307-09 (2d Cir. 2003). In addition, the IJ identified several additional discrepancies that, cumulatively, further undermined You's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). These included an internal inconsistency in You's testimony regarding whether a smuggler had arranged You's flight from China to the United States, and an implicit inconsistency between You's testimony, which asserted that his father had been arrested numerous times for practicing and supporting Falun Gong, and his father's letter, which failed to mention multiple arrests. To the extent You offered explanations for these discrepancies, the IJ was not required to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Thus, while the record support for other identified inconsistencies might be questioned, we conclude that these

3

discrepancies supported by the record cumulatively undermined You's credibility. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106-107 (2d Cir. 2006). Accordingly, remand on account of the erroneous findings would be futile because we can "confidently predict" that the IJ would reach the same decision absent the errors that were made. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

Because petitioner based his withholding of removal and CAT claim on the same factual predicate as his asylum claim, the IJ's adverse credibility determination was fatal to all three claims. *See Paul v. Gonzales,* 444 F.3d 148, 156-57 (2d Cir. 2006).

## II. Motion to Remand

You filed a motion to remand before the BIA based on changed circumstances: he now belongs to the Falun Gong movement, his father has promised to assist the government in arresting his son if You returns to China, and conditions in China have worsened for Falun Gong practitioners. We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir. 2005).

4

We identify no abuse here because the BIA denial was reasonably based on the IJ's underlying adverse credibility determination, *see Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146-48 (2d. Cir. 2007); You's failure to establish material changed country conditions; and You's failure to offer evidence that was new and previously unavailable, *see* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu,* 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk